IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN K. DELANEY,

                                    Plaintiff,

            v.                                          CASE NO. 18-3037-SAC

KIRK THOMPSON, et al.,

                                    Defendants.

MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE

        Plaintiff John K. Delaney, a state prisoner at the Lansing Correctional Facility in Lansing,

Kansas ("LCF"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  For the reasons

discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

        Plaintiff's Complaint (Doc. 6) challenges the constitutionality of the Kansas Offender

Registration Act, K.S.A. 22-4901, *et seq.* ("KORA").  Plaintiff is currently serving a 46-month

sentence for a second violation of KORA.  Plaintiff names as defendants Kirk Thompson, Director

of the Kansas Bureau of Investigation, and Jeff Colyer, Governor of Kansas.

        Plaintiff alleges his constitutional rights have been violated by the retroactive application

of the 2009 and 2011 amendments to KORA, and he brings six (6) counts alleging violations of

the ex post facto clause, the power to contract, due process, the First Amendment, and the Eighth

Amendment.  He also claims KORA is a bill of attainder.

1

Plaintiff seeks declaratory relief finding KORA unconstitutional as it applies to him and a permanent injunction prohibiting the defendants and the Kansas Supreme Court from denying constitutional protections to sex offenders.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a *pro se* complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. Discussion

After reviewing Plaintiff's complaint with the standards set out above in mind, the Court finds that the complaint is subject to summary dismissal under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) because § 1983 is not the proper remedy for Plaintiff's claims.

Plaintiff seeks to establish that KORA and its 2009 and 2011 amendments are unconstitutional. While he does not specifically request release from imprisonment, a judgment here that KORA is unconstitutional would mean that Plaintiff's conviction and imprisonment for violating KORA are invalid. *See Bond v. U.S.*, 564 U.S. 211, 227 (2011)(Ginsberg, J., concurring)("If a law is invalid as applied to the criminal defendant's conduct, the defendant is entitled to go free."). "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey,* 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief). Conviction under an allegedly unconstitutional statute necessarily involves a challenge to the fact, length, or legality of his custody, not the conditions of his confinement. Therefore, Plaintiff's claims are not cognizable in a § 1983 action.

Liberally construing Plaintiff's complaint as a habeas corpus action would not save it because there is no indication that Plaintiff has exhausted his state court remedies. Mr. Delaney must give the state courts an opportunity to act on his claims by properly presenting them to the

highest state court, either by direct appeal or through a state habeas action, before he presents those claims to a federal court in a habeas petition. *See Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). It appears Plaintiff has not exhausted his claims in the Kansas courts.

Moreover, the *Heck* doctrine also requires the dismissal of Plaintiff's complaint. Under the *Heck* doctrine, when a state prisoner seeks relief in a lawsuit under § 1983, his complaint must be dismissed where a judgment in his favor would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff can show that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As explained by the Tenth Circuit:

> In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted).

*Reed v. McCune*, 298 F.3d 946, 953-54 (10th Cir. 2002).

The purpose behind *Heck* is "to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Johnson v. Pottawotomie Tribal Police Dep't*, 411 F. App'x 195, 198 (10th Cir. 2011), *quoting Butler v. Compton,* 482 F.3d 1277, 1279 (10th Cir. 2007).

The rule in *Heck* is not limited solely to claims for damages asserted under § 1983. *See Lawson v. Engleman,* 67 F. App'x 524, 526 (10th Cir.2003) (applying *Heck* to bar claims for declaratory and injunctive relief under §§ 1983 and 1985). "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no

matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005).

Claims that are subject to the *Heck* bar have not yet accrued and therefore are premature. Such claims are dismissed without prejudice.  *See Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir. 1996)("When a § 1983 claim is dismissed under *Heck,* the dismissal should be without prejudice.").

Because Plaintiff has not shown that his conviction has already been invalidated, whether reversed on direct appeal, expunged by executive order, called into question by a federal court's issuance of a writ of habeas corpus, or otherwise invalidated, his claims appear to be barred by *Heck*.  *See Heck*, 512 U.S. at 487.  Unless Plaintiff can show that his conviction under KORA has already been invalidated, this complaint is subject to dismissal under *Heck*.

## VI.  Response Required

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).  Plaintiff is therefore required to show good cause why his complaint should not be dismissed.  The failure to file a timely, specific response waives appellate review of both factual and legal questions.  *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999).  Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **June 2, 2018**, in which to show good cause, in writing, why his complaint should not be dismissed without prejudice for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:  This 2nd day of May, 2018, at Topeka, Kansas.


_s/  Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**