# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOHN K. DELANEY,

                    Plaintiff,

v.                                                  CASE NO. 18-3037-SAC

KIRK THOMPSON, et al.,

                    Defendants.


## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Appoint Counsel (ECF Doc. 4), Motion for Injunction (ECF Doc. 20), Motion for Extension of Time (ECF Doc. 24), Motion for Leave to Amend (ECF Doc. 25), and second Motion to Appoint Counsel (ECF Doc. 29).

## I. Motions to Appoint Counsel

Plaintiff has filed two motions for appointment of counsel, alleging that he is indigent, the issues involved in this case are complex, Plaintiff has no access to a law library or legal materials, Plaintiff will have difficulty obtaining evidence and locating witnesses for trial, and counsel would better represent Plaintiff's interests at trial.

The Court has considered Plaintiff's motions for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that

there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not overly complex; and (3) Plaintiff appears quite capable of adequately presenting facts and arguments. The Court denies the motions without prejudice to refiling the motion if Plaintiff's Complaint survives the pending motion to dismiss.

## II. Motion for Injunction

Mr. Delaney asks the Court to bar the Kansas Department of Corrections (KDOC) and the State of Kansas from transferring him out of Kansas. He alleges he has already been transferred to a more restrictive facility within Kansas in retaliation for pursuing this lawsuit and has been threatened with being sent to another state. ECF Doc. 20 at 3.

Defendants filed a response (ECF Doc. 23) to Plaintiff's motion in which they point out that neither KDOC nor the State of Kansas are parties to this lawsuit.

Mr. Delaney argued in his motion that KDOC is a state agency "who answers to the Governor's office." ECF Doc. 20, at 4. Plaintiff seems to be implying that simply because Defendant Colyer is the Governor of Kansas, he is legally responsible for and can control the

actions of all state officials and agencies. This is incorrect. An injunction ordering the Governor not to transfer Plaintiff out of state would be meaningless. While the Governor appoints the Secretary of Corrections, the Governor does not control KDOC. The Secretary of Corrections controls KDOC. *See* K.S.A. § 75-5205. Thus, while injunctive relief directed at the Secretary of Corrections or the KDOC official who approves transfers might prevent the alleged potential transfer, an injunction against the Governor would be essentially meaningless.

Furthermore, Plaintiff has not established that injunctive relief is warranted. A movant seeking a preliminary injunction to remedy an alleged constitutional violation must establish "four factors: (1) a likelihood of success on the merits [of his described claim]; (2) a likelihood that [he] will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [his] favor; and (4) that the injunction is in the public interest." *White v. Kansas Dep't of Corr.*, 617 F. App'x 901, 904 (10th Cir. 2015) (*quoting RoDa Drilling Co.*, 552 F.3d at 1208). Plaintiff has failed to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief. He bases his motion on a vague statement by his Unit Team Manager at a segregation review. He has not shown that a transfer out of state is likely or that he will suffer irreparable harm if the transfer occurs.

For these reasons, Plaintiff's motion for injunction is denied.

## III. Motion for Extension of Time (ECF Doc. 24)

On August 14, 2018, Mr. Delaney filed a Motion for Extension of Time to respond to Defendants' motion to dismiss, requesting 120 days to file a response. However, on August 21, 2018, Plaintiff then filed a Response to the motion to dismiss (ECF Doc. 27), as well as a brief in support of his response (ECF Doc. 28). On August 20, 2018, Plaintiff also filed a Memorandum

of Clarification (ECF Doc. 26). As it appears to the Court that Plaintiff has responded to the motion to dismiss, Plaintiff's motion for extension of time is denied as moot.

## IV. Motion for Leave to Amend (ECF Doc. 25)

Plaintiff has also filed a Motion for Leave to Amend Specific Portions of Plaintiff's Complaint. He seeks to remove Governor Colyer as a defendant and to add references to specific statutes.

An amended complaint is not required to drop Governor Colyer as a defendant. Rule 21 provides that the Court may drop a party at any time, whether on motion or on its own. Fed. R. Civ. P. 21. Therefore, Governor Colyer is hereby dismissed from this action.

As for other changes Plaintiff may wish to make, Rule 15 provides that a party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading or a dispositive motion. Fed. R. Civ. P. 15(a)(1). Defendants here filed their Motion to Dismiss on August 8, 2018, and Plaintiff filed his motion for leave to amend on August 20, 2018, well within the 21-day period. However, because Plaintiff did not file his actual amended complaint within the time period, leave of Court is now required to amend.

Local Rule 15.1 provides that a motion to amend must attach the proposed pleading. Since Plaintiff did not attach his proposed amended complaint, his motion is denied. Plaintiff is free to file a second motion to amend with his proposed amended complaint attached.

The Court cautions Plaintiff that an amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that Plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and

claims that Plaintiff intends to pursue in this action, including those to be retained from the original complaint.

In addition, the Court notes that Plaintiff has raised allegations of retaliatory transfer and interference with his access to the law library in other filings. These allegations are not properly before the Court and the current Complaint does not name a defendant to these claims. If Plaintiff wishes to pursue these claims, they must be included in an amended complaint.

For the reasons discussed above,

**IT IS THEREFORE ORDERED** Plaintiff's Motions to Appoint Counsel (ECF Doc. 4 & 29) are **denied**.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Injunction (ECF Doc. 20) is **denied**.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Extension of Time (ECF Doc. 24) is **denied** as moot.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Leave to Amend (ECF Doc. 25) is **granted** insofar as it requests dismissal of Defendant Colyer and **denied** as to filing an amended complaint, due to failure to comply with D. Kan. Rule 15.1.

**IT IS FURTHER ORDERED** Defendant Colyer is dismissed from this action.

**IT IS SO ORDERED.**

DATED: This 5th day of September, 2018, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**