IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN K. DELANEY,

                Plaintiff,

v.                                                                      CASE NO. 18-3037-SAC

KIRK THOMPSON,

                Defendant.

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

This matter is before the Court on several motions: (1) Plaintiff's Amended Motion Seeking Authorization to Amend Specific Portions of Plaintiff's Complaint (ECF No. 31); (2) Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 21); (3) Plaintiff's Request for Hearing (ECF No. 34); (4) Plaintiff's Request for a Trial Date (ECF No. 36); and (5) Plaintiff's Request for Status Hearing (ECF No. 37). For the reasons described herein, Plaintiff's motion to amend his complaint is granted, rendering Defendant's Motion to Dismiss Plaintiff's original Complaint moot. Plaintiff's other motions are denied. In addition, Plaintiff is ordered to show good cause why this action should not be dismissed as untimely.

**Plaintiff's Amended Motion to Amend Plaintiff's Complaint (ECF No. 31)**

Plaintiff filed a motion to amend his Complaint twelve (12) days after Defendant filed his motion to dismiss. *See* ECF No. 25. Plaintiff's initial motion was denied for failing to attach the proposed amended complaint as required by local rule. *See* ECF No. 30. The Court did, however,

grant Plaintiff's request to dismiss then-Governor Colyer as a defendant. *Id*. Plaintiff subsequently filed this motion with the amended complaint attached. ECF No. 31.

Rule 15(a)(1) provides that a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or a motion under 12(b), whichever is earlier. Plaintiff filed a motion seeking leave to amend his Complaint within 21 days of service of Defendant's motion to dismiss. If he had also filed the Amended Complaint at that time, leave of court would not have been required. However, because he did not, Rule 15(a)(2) provides that written consent of the opposing party or leave of court is required to amend a pleading where paragraph (a)(1) is not applicable. The rule further states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Defendant has filed no opposition to Plaintiff's request to amend his Complaint. In fact, Defendant acknowledges that leave to amend should be freely given and cites *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) for the proposition that "the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *See* ECF No. 35 at 1.

Plaintiff's Amended Motion Seeking Authorization to Amend Specific Portions of Plaintiff's Complaint (ECF No. 31) is granted.

**Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 21)**

Defendant's Motion to Dismiss was directed at Plaintiff's original complaint. Because the Court grants Plaintiff leave to file his Amended Complaint, the Amended Complaint is the operative complaint, *see Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991), making the pending motion to dismiss the *original* complaint irrelevant. *See Bertha v. Sullivan*, 719 F. App'x 516, 518 (7th Cir. 2017); *see also Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (holding

that district court "ruled on a mooted complaint, not the operative one" since plaintiff already had filed timely amended complaint). Therefore, Defendant's motion to dismiss is denied as moot.

**Statute of Limitations**

Upon reviewing the Amended Complaint and Plaintiff's other pleadings, the Court has recognized an issue it failed to raise in its screening of the original complaint.[1] This § 1983 action was filed out of time.

The statute of limitations for a § 1983 action is determined by looking to the state's personal injury statute. *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Kansas has a two-year period of limitations for personal-injury claims. Kan. Stat. Ann. § 60-513(a)(4). Thus, the two-year limitations period governs this action. *Eikenberry v. Seward Cty., Kansas*, 734 F. App'x 572, 575 (10th Cir. 2018), *citing see Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) ("[T]he appropriate statute of limitations for § 1983 actions arising in Kansas is two years, under Kan. Stat. Ann. § 60-513(a)(4).").

Having established that Plaintiff had two years from the accrual of his cause of action to file this suit, the next issue is determining when such accrual occurred. Determining the accrual date for a § 1983 claim is a question of federal law. *Mondragón*, 519 F.3d at 1082. As a general rule, "under federal law governing statutes of limitations, a cause of action accrues when all events necessary to state a claim have occurred." *United States v. Hess,* 194 F.3d 1164, 1175 (10th Cir. 1999) (internal citation and quotation marks omitted). The claim accrues when the plaintiff knows, or should know, that his or her rights have been violated. *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006).

---

[1] Because Mr. Delaney is a prisoner and is proceeding in forma pauperis, the Court is required by statute to screen his Amended Complaint and to dismiss this complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant entitled to immunity. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

Mr. Delaney is challenging the constitutionality of the Kansas Offender Registration Act (KORA) as applied to him, and he bases his challenge on changes made to the statutory scheme after his conviction for aggravated indecent liberties with a child in 2001. Specifically, he refers to the duration of registration required for his offense allegedly being increased from 10 years to lifetime, his alleged right to petition the sentencing court for relief from the duty to register being revoked, and the penalty for violating KORA being increased.[2] ECF No. 31-1 at 2. Each of these changes were accomplished through amendments to KORA in 2006, 2001, and 2006, respectively. *See* Kan. Sess. L. 2006, ch. 214, sec. 9; Kan. Sess. L. 2001. ch. 208, sec. 15; Kan. Sess. L. 2006, ch. 212, sec. 20. If Plaintiff's cause of action accrued when KORA was amended, the latest applicable amendment occurred in 2006. Mr. Delaney filed this lawsuit on February 16, 2018, many years beyond the 2-year statute of limitations.

However, because Mr. Delaney is challenging the constitutionality of KORA as applied to him, the events necessary to state a claim arguably did not occur until the amendments were applied to him. Plaintiff states he became aware the lifetime registration requirement was being applied to him in 2009. *See* ECF No. 33 at 2. Even in the absence of this assertion, Plaintiff certainly became aware when he was prosecuted for failing to register. *See Waltower v. Kaiser*, 17 F. App'x 738, 740 (10th Cir. 2001). Plaintiff was first charged with failing to register in 2013 and sentenced in August of 2015, after pleading guilty to a Level 6 person felony.[3] This was more

---

[2] Plaintiff also may be attempting to challenge "all amendments, beginning on July 1, 2001 to current date" to KORA. ECF 31-1 at 5. If so, this claim does not satisfy the requirements of Rule 8 and is therefore subject to dismissal. Fed. R. Civ. P. 8; *see Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).

[3] The Court takes judicial notice of the official record in Case No. 2013-CR-000836, Reno County District Court, through the Kansas Office of Judicial Administration's secure online district court records search. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie*, No. CIV-06-890-C, 2006 WL 2792671 (W.D. Okla. Sept. 26, 2006)(court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter*, 79 F.

than ten (10) years from the date of Plaintiff's qualifying conviction in 2001, thus putting him on notice that the lifetime registration requirement was being applied to him rather than a ten (10) year registration period, and was obviously not the Level 10 nonperson felony Plaintiff alleges initially applied. The "facts that would support a cause of action [were] or should [have been] apparent" to Mr. Delaney as early as 2006 or as late as 2013. *See Fratus v. Deland,* 49 F.3d 673, 675 (10th Cir.1995). In either event, the February 16, 2018, filing date was well beyond two years from the accrual date of his claim.

Defendant did not raise the statute of limitations as an affirmative defense in his motion to dismiss. However, the Court may *sua sponte* consider the statute of limitations where it is obvious from the pleadings that the suit was filed beyond the period of limitations. *See Fratus v. Deland,* 49 F.3d at 674-75 (the court may *sua sponte* consider affirmative defenses, including the statute of limitations, when they are obvious from the face of the pleadings). Furthermore, the authority granted by § 1915 permits the Court the unusual power to pierce the veil of the complaint's factual allegations and go beyond the pleadings, and consider any other materials that the parties filed, and court proceedings subject to judicial notice. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

As discussed above, it is obvious from Plaintiff's pleadings and state court records of which this Court takes judicial notice that this action was filed out of time. Because Plaintiff has not had an opportunity to address the statute of limitations issue, he will have thirty (30) days to show cause why his Amended Complaint should not be dismissed on that basis. *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009) ("When a district court believes it is likely that a *pro se* prisoner's § 1983 complaint is dismissible on the basis of the state's statute of limitations, the

---

App'x 383 (10th Cir. 2003)(unpublished opinion)(finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

court may issue a show cause order giving the plaintiff an opportunity to explain why the statute of limitations should be tolled.").

**Plaintiff's Other Motions**

Plaintiff's Request for Hearing (ECF No. 34), Plaintiff's Request for a Trial Date (ECF No. 36), and Plaintiff's Request for Status Hearing (ECF No. 37) are directed at obtaining rulings on the motions discussed above. Because the Court rules on those motions here, Plaintiff's Request for Hearing (ECF No. 34), Plaintiff's Request for a Trial Date (ECF No. 36), and Plaintiff's Request for Status Hearing (ECF No. 37) are denied.

**Conclusion**

For the reasons discussed above, Plaintiff's Amended Motion Seeking Authorization to Amend Specific Portions of Plaintiff's Complaint (ECF No. 31) is granted. Defendant's Motion to Dismiss (ECF No. 21) is denied. Plaintiff's Request for Hearing (ECF No. 34), Plaintiff's Request for a Trial Date (ECF No. 36), and Plaintiff's Request for Status Hearing (ECF No. 37) are denied.

In addition, Plaintiff's Amended Complaint is subject to dismissal because this action was filed out of time. Plaintiff is therefore required to show good cause why this action should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Amended Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** Plaintiff has until **April 22, 2019**, to show good cause why this action should not be dismissed because it was filed out of time.

**IT IS FURTHER ORDERED** that if the Court finds Plaintiff shows good cause why this action should not be dismissed because it was filed out of time and may proceed, Defendant's

response to the Amended Complaint shall be filed within thirty (30) days of the date of the Order so finding.

**IT IS FURTHER ORDERED** Defendants' Motion to Dismiss (ECF No. 21) is **denied** as moot.

**IT IS FURTHER ORDERED** Plaintiff's Request for Hearing (ECF No. 34), Request for a Trial Date (ECF No. 36), and Request for Status Hearing (ECF No. 37) are **denied**.

**IT IS SO ORDERED.**

DATED: This 22nd day of March, 2019, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**