IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN K. DELANEY,

                            Plaintiff,

           v.                                      CASE NO. 18-3037-SAC

KIRK THOMPSON,

                            Defendant.

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. By order dated March 22, 2019, the Court directed Plaintiff to show cause why his second amended complaint should not be dismissed as barred by the applicable two-year statute of limitations. The Court found that Plaintiff's claim accrued in 2013 at the latest, more than two years prior to the filing date of the initial complaint in this action (February 16, 2018). The Court further found that Plaintiff did not establish a factual basis for tolling the limitation period. Before the Court are Plaintiff's five (5) responses to the show cause order (ECF Nos. 40, 41, 42, 43, and 45).

In his responses, Plaintiff makes two primary arguments why his second amended complaint should not be dismissed. First, he argues that there is no statute of limitations applicable to claims for prospective injunctive relief against an unconstitutional statute. He claims because this is not a "damages" suit, the statute of limitations is not applicable. He cites no support for this proposition, other than his argument that because the harm is on-going, the action was filed within the applicable two-year limitation period.

This argument has no merit. Mr. Delaney filed this action under §1983. The two-year statute of limitations in Kansas applies whether he seeks damages, a declaratory judgment, or an injunction.

Plaintiff is essentially arguing that the continuing violation doctrine should apply. He argues he experiences a new violation every day he is required to register under KORA, so the limitation period will never expire. The continuing violation doctrine operates to extend the statute of limitations where there is a continuous series of unlawful acts. *Parkhurst v. Lambert*, 264 F. App'x 748, 749 (10th Cir. 2008). It does not apply where there is a single constitutional violation with continuing effects. *Id.* The Tenth Circuit has not determined whether the continuing violation doctrine can apply to § 1983 claims, but assuming for the sake of argument that it can, it would not be applicable here. Plaintiff's ongoing requirement to register as a sex offender is a consequence of a one-time action: his classification as a sex offender under the registration statute. While that determination has continued consequences, any alleged harm or injury was caused by a one-time act. *See Meggison v. Bailey*, 575 F. App'x 865, 867 (11th Cir. 2014).

Mr. Delaney also disputes the Court's determination of the accrual date of his cause of action. He argues he did not become aware of the amendment of KORA that allegedly required him to register for his lifetime until 2016. However, in a signed and witnessed Declaration he filed with the Court before the limitations issue was raised, he stated,

> "In 2009, I was called by a friend asking why it, on the web site, indicated I had to register for the duration of my "lifetime"? Upon my initial registration, and all subsequent registrations up until 2009, law enforcement had only indicated a requirement to register for a period of ten (10) years. When I approached law enforcement and asked why it said I was required to register for the duration of my lifetime, I was told that the laws had changed."

ECF No. 33 at 2-3. Plaintiff attempts to explain this statement away by saying he lived in Nebraska at the time, and "the context of that conversation, he believed, applied to Nebraska law, not

2

Kansas." ECF No. 42 at 2. Mr. Delaney offers no explanation for why, if that is the case, he included the statement in this action challenging Kansas law.

Moreover, the accrual date of a § 1983 claim is based not on actual knowledge or awareness of a violation, but on when the plaintiff should have known his rights had been violated. *Eikenberry v. Seward Cty., Kansas*, 734 F. App'x 572, 576 (10th Cir. 2018) (*citing Krupp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006). In a facial challenge of a statute, the claim accrues when the statute becomes effective. *Waltower v. Kaiser*, 17 F. App'x 738, 740 (10th Cir. 2001) (*citing Catawba Indian Tribe of S.C. v. United States*, 982 F.2d 1564, 1569-71 (Fed. Cir. 1993).

If Plaintiff is arguing that the statute of limitations did not begin to run until he was prosecuted in 2016 for failing to register under the lifetime requirement, he is in effect arguing his prosecution was unconstitutional. This implicates *Heck v. Humphrey*, and Plaintiff may not proceed with a § 1983 action challenging the legality of his prosecution until his conviction has been overturned on direct appeal or through a habeas corpus action. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994*); Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005)*. See also Kitterman v. Newton*, 721 F. App'x 522, 523 (7th Cir. 2018) ("[A]ny ruling that defendants violated [Plaintiff]'s constitutional rights by wrongly extending and enforcing his registration requirement would necessarily imply that he should not have been convicted and imprisoned for failing to register."); *Hall v. Attorney Gen. of Texas*, 266 F. App'x 355, 356 (5th Cir. 2008) ("[B]ecause he is currently incarcerated for failure to register, [Plaintiff]'s constitutional challenge to the registration requirement also is an indirect challenge to his incarceration. [Plaintiff]'s claims are thus not cognizable under 42 U.S.C. § 1983 until he proves that the incarceration has been reversed or declared invalid.") (*citing see Heck,* 512 U.S. at 487); *Williams v. Travis Cty.*, No. A-17-CA-014-SS, 2017 WL 933143, at *2 (W.D. Tex. Mar. 8, 2017) ("Plaintiff cannot challenge the registration

requirement in this case until his charges have been dismissed, reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus."); *Truelove v. Owens*, No. A-16-CA-1233-LY, 2017 WL 706348, at *4 (W.D. Tex. Feb. 22, 2017) (same); *Lane v. Jenkins*, No. CIV.A. 10-2149, 2011 WL 6425314, at *3 (E.D. Pa. Dec. 20, 2011) ("Ruling in favor of [Plaintiff] on his double jeopardy claim would invalidate his conviction for failing to register as a sexual offender. Hence, his claim is *Heck*-barred."); *Hayes v. Texas*, No. A-08-CA-182-LY, 2009 WL 10703990, at *5 (W.D. Tex. Mar. 3, 2009), *report and recommendation adopted,* No. A-08-CA-182-LY, 2009 WL 10703994 (W.D. Tex. July 7, 2009) (constitutional challenge to registration requirement "not cognizable under 42 U.S.C. § 1983 until [plaintiff] proves that his incarceration has been reversed or declared invalid").

For these reasons, Plaintiff's complaint must be dismissed.

Mr. Delaney has also filed a motion for hearing (ECF No. 46). In his motion, Plaintiff requests a hearing to address the status of the case. Because the Court finds Plaintiff's complaint must be dismissed, the motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **dismissed** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for hearing (ECF No. 46) is **denied**.

**IT IS SO ORDERED.**

**DATED: This 3rd day of January, 2020, at Topeka, Kansas.**

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**

4